UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Armanda Coles
    Plaintiff,

vs.                                              6:14-cv-845-ORL-37DAB

Patrick Donahoe
Post Master General
United States Postal Services
    Defendant.
_____/

## AMENDED COMPLAINT WITH JURY DEMAND

Comes the Plaintiff, Armanda Coles and complains against the Defendant, Patrick Donahoe, Post Master General for violations of her civil rights as set forth in Title VII of the Civil Rights Act of 1964 and the Age Discrimination Act.

## PARTIES

1. Plaintiff is a resident of Seminole County, Florida. At all relevant times she was employed as a mail handler for the U. S. Postal Service, assigned to the Mid Florida, Florida Postal Plant.

2. At all times pertinent, Plaintiffs' employer, pursuant to Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. sec 2000 (et. seq), and the Age Discrimination in Employment Act of 1967(ADEA), is the U. S. Postal Service Mid Florida, Florida postal plant.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction in this action pursuant to 28 U.S.C. Sections 1331 and 1343 and 42 U.S.C. Section 2000e-5, inasmuch as the matter in controversy is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq. and the regulations governing federal employees, 29 C.F.R. §1614.407. This District possesses venue of this matter pursuant to 42 U.S.C. Section 2000e-5(f). The jurisdiction of this Court is invoked to secure protection and redress deprivation of rights guaranteed by federal law, which rights provide for injunctive relief and other relief for illegal employment discrimination. The amount in controversy in this action exceeds the jurisdictional limits of this Court.

## ADMINISTRATIVE PREREQUISITES

4. The Plaintiff timely filed a formal EEO Complaint on July 12, 2012, in which she alleged that she was subjected to discrimination based upon her race, her age and prior participation in protected activity.  The Plaintiff fully cooperated with the Agency's administrative investigation.  On September 20, 2013, Administrative Judge Kimberly Greenleaf issued a decision without a hearing.  She granted the Agency's motion for summary judgment.  The Plaintiff next appealed the Administrative judges ruling to the EEOC's Washington D.C. office.  On March 17, 2014, the Washington D.C. EEOC Office issued a decision affirming the Administrative Law judge's decision. The Decision advised the Plaintiff that she had 90 days to file a lawsuit in federal District Court.

## GENERAL ALLEGATIONS

5. Plaintiff, Armanda Coles is employed by the U.S. Postal Service as a Mail Handler. She began her employment with the Agency on December 6, 1986.

6. Throughout the course of her employment with the Postal Service she has been harassed and subjected to unlawful retaliation based upon past participation in protected activity.

7. Prior to filing the formal EEO complaint that led to the instant lawsuit, Armanda Coles filed an EEOC complaint against the U.S. Postal Service, alleging among other things, that Dorothea Reda, Manager Distribution Operations, committed acts of discrimination against her based upon her race. These acts culminated in the Plaintiff being unlawfully, terminated. As a result of the EEO process the Plaintiff was reinstated to her Mail Handler position.

8. On or about March 1, 2012, Plaintiff's immediate supervisor, Fernando Aguilar, was observed by at least three Postal Service employees searching the Plaintiff's vehicle without permission to do so from her or any proper authority. The Manager of Distribution Operations (MDO), Dorothea Reda stood by and watched as one of her direct reports committed an illegal act.

9. The search of a Plaintiff's vehicle was premised upon an undocumented allegation that Plaintiff was selling unauthorized snacks out of her car. The allegation proved to be false, but the search of her vehicle was a continuation of harassing behavior with respect to Dorothea Reda's past hostile treatment.

10. Postal Service regulations require that the Inspector General be contacted and allowed to perform a proper investigation, when and if there is a claim of employee wrong doing.

11. No other employee's vehicle has ever been searched by the Plant's supervisory or management staff. Specifically, Edward Rosado, Hispanic male, Esparanza Rivera, Hispanic female and John Cordero, White male each had vehicles at the plant and their vehicles were not searched.

12. On June 12, 2012 the Plaintiff was informed by the Union President, Felix Rodriguez, that Dorothea Reda was planning another act of reprisal and discrimination by abolishing her bid assignment. The context of this information is that the Plaintiff had been previously contacted by the Agency and reminded that she was eligible for retirement. The Agency continued to send Plaintiff these notices until she informed them that she believe the repeated reminders were a not so subtle effort to force her to retire because of her age. She believed it was discrimination based upon race.

13. On June 28, 2012, the Plaintiff was issued an Investigative Interview (II), for alleged attendance problems. The Agency, working through Fernando Aguilar, was intending to issue the Plaintiff a warning. However, the Plaintiff spoke directly to Norris Ham, the African American Plant Manager, and explained that she did in fact submit the required leave paper work to cover the time that she was off. No formal disciplined was issued but an attempted write up had a chilling affect on the decision to file future EEO complaints.

14. The Postal Service has a shift bid system based upon seniority. Employees are allowed to bid on the more desirable assignments based upon their seniority. All things being equal, the employee that wins the bid, wins the more favorable assignment. The Plaintiff bided for and received a favorable assignment that did not require her to work the culling belt. However, for a two-year period following the filing of her first EEO complaint and up until the filing of the EEO complaint that led to this instant action, she was required to work the culling belt. Culling Belt is not her bid assignment. Other non African Americans and other employees not over forty were not required to work outside of their bid assignment.

## COUNT I DISPARATE TREATMENT

15. The Plaintiff incorporates by reference the allegations in paragraphs 1-14 as though fully stated herein.

16. The Plaintiff, Armanda Coles, is a member of three separate protected classes: African American, Female and over forty.

17. She is qualified to perform her duties as a Mail Handler. There is no contention on the part of the Agency that Plaintiff is not qualified to do her job. She has performed the duties of the position for over 28 years. She has over forty years of total government service. During her tenure with the U.S. Postal Service she has acquired a considerable amount of training, experience and knowledge which has enabled her to perform her job as a highly functioning employee.

18. Plaintiff has been subjected to disparate terms and conditions of her employment. Her personal vehicle was searched by two members of management: Fernando

5

Aguilar and Dorthea Reda, the MDO. The search was based upon an unfounded accusation made by a non Postal Service Employee. No other Postal Service employee's vehicle was searched by management. Additionally, Plaintiff has been required to work an assignment that is not part of her bid assignment. The U.S. Postal workers are covered by a bargaining agreement that sets forth specific requirements regarding how job assignments are assigned. Seniority plays a substantial role in deciding which employees are given more favorable assignments. The seniority system is designed to reward the longevity of employees. Due to her years of service the, Plaintiff has seniority over several other Postal Service employees at the Mid Florida plant. She successfully bided for a desirable job assignment and received it. Withstanding her official bid she was required to work the Culling Belt for over two years. The Culling Belt assignment is less desirable than her bided for job. By making her work the lower status, non-bid position the Defendant has deprived the Plaintiff the benefit of her seniority status.

19. Further, the search of the Plaintiff's vehicle was illegal under the laws of the state of Florida. It also violated federal regulations regarding how investigations, related to alleged criminal activity on federal property, are to be handled. The search was witnessed by at least two postal employees who each wrote statements about what they observed. The employee's statements directly contradict the sworn statements of the management officials who steadfastly deny that the Plaintiff's vehicle was searched.

20. Other similarly situated (mail handlers), non African American, Edward Rosado, Hispanic Male, Esparanza Rivera, Hispanic Female and John Cordero, White male

have not been required to work outside of their bid shift and thus they have not been denied the benefit of their seniority status. Plaintiff believes that the aforementioned treatment was due to her membership in a protected class.

21. WHEREFORE, the Plaintiff requests that the court enter a judgment for Plaintiff and against Defendant for disparate treatment.

## COUNT II RETALIATION

22. The Plaintiff incorporates by reference allegations in paragraphs 1-14 as though fully stated herein.

23. The Plaintiff participated in protected activity in the past. Specifically, she filed a formal Merit System Protection Board claim in which she alleged that MDO Dorothea Reda discriminated against her based upon her race. Dorothea Reda and Ferando Aguilar are aware of the Plaintiff's past participation in protected activity. They are aware of her past protected activity because they were named in and interviewed during the investigative process.

24. Subsequent to her reinstatement, Management and Dorothea Reda in particular, along with Fernando Aguilar subjected her to a series of harassing acts that are acts of retribution for her participation in protected activity. These acts of retaliation included but were not limited to her not being allowed to work her bided for shift assignment and being forced to work less desirable jobs. For the most part job assignments are given based upon the seniority. Seniority withstanding, the Plaintiff was forced to work a less desirable position. The Plaintiff was deprived of the benefit

of her years of service to the United States Postal Service with respect to the benefits that should have accompanied her seniority.

25. Plaintiff has been subjected to disparate terms and conditions of her employment. Her personal vehicle was searched by members of management based upon an unfounded accusation made by a non Postal Service Employee. No other Postal Service employee's vehicle was searched by management. Plaintiff has been required to work an assignment that is not part of her bid assignment. Due to her years of service Plaintiff has seniority over several other Postal Service employees and she successfully bided for a desirable job assignment. Withstanding her official bid she has been required to work the culling belt for over two years. Also, Plaintiff was sent repeated reminders that she can and should retire. These reminders were management's attempts to force her to retire. The written reminders continued until she expressly informed management that she did not wish to receive any future reminders.

26. All of management's actions listed herein created a chilling effect on the Plaintiff's belief or intentions to act to assert her civil and constitutional rights if she believes that she is subjected to unlawful discrimination in the future. Management took these actions against the Plaintiff because she complained about past acts of discrimination.

27. WHEREFORE, the Plaintiff request that this court enter judgment for the Plaintiff and against the Defendant for unlawful retaliation.

## COUNT III RETALIATION BASED UPON RACE AND AGE

28. Plaintiff reincorporates by reference as though fully stated herein the allegations contained in paragraphs 1-14.

29. The Plaintiff was subjected to a hostile work environment in which she was closely monitored more so than other employees. The level of scrutiny and monitoring is reflected in acts such as the searching of her vehicle based upon the thinly veiled allegations that she was selling food items out of her car and they subjected her to Investigative Interviews. Investigative Interviews are the first step in the employee's disciplinary process. The Investigative Interviews remain in the employee's personnel file for a period of time regardless of the outcome. Because the Investigative Interviews remain in the employee's file, they adversely impact an employee's prospect for future promotional opportunities.

30. The harassment was unwelcome and continuous. The Plaintiff made her concerns known to the Plant Manager, Norris Ham. Mr. Ham confirmed that the Plaintiff complained to him about being harassed by her supervisor and Dorthea Reda. His acknowledgement of this fact is in his sworn affidavit submitted during the EEO investigation. She also made her concern about working in a hostile working environment known by filing past EEO claims.

31. Prior to the filing of this case, the Plaintiff was subjected to an unlawful termination. However, she was reinstated after pursing the appeal rights that are available to federal employees.

32. The person that originally terminated her remained in her supervisory chain of command and continued to engage in harassing conduct toward the Plaintiff after she was reinstated.

33. The harassment was severe and pervasive. The Plaintiff was denied a preferred shift assignment that she was entitled to work because of her seniority with the Defendant. She was forced to work in a position that was not her bided for assignment for a period of about two years. She was spoken to routinely in a loud and intimidating voice by her supervisor, Fernando Aguilar.

34. Management was aware of the harassment because Dorthea Reda, a manger was an active participant in the process. The Plaintiff also complained directly to the Plant Manager, Norris Ham, about her concerns that she was being harassed. The Plant Manager is the top management official at the location.

35. WHEREFORE, the Plaintiff request that this court enter judgment for the Plaintiff and against the Defendant for unlawful harassment.

## DAMAGES

36. Plaintiff seeks compensation for emotional pain and suffering caused by the unlawful acts of discrimination.

37. Plaintiff seeks all other relief that the law may allow and that this honorable court deems appropriate.

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing was served via electronic mail and served upon Julie Posteraro, Assistant United States Attorney, US Attorney No. 157, 400 W. Washington Street, Suite 3100, Orlando, Florida 325801, <u>Julie.Posteraro@us.doj.gov</u> on this 7th day of November 2014.

          */s/* ***Jerry Girley***
          Jerry Girley
          Florida Bar No: 35771
          125 East Marks Street
          Orlando, Florida 32803
          Tel: 407-540-9866
          Fax: 407-540-9867
          <u>phyllis@thegirleylawfirm.com</u>